Argued and submitted February 27, affirmed April 22, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## CHRISTOPHER SCOTT KREITZER,
*Appellant.*

(85-10217; CA A41594)

735 P2d 1274

Arthur P. Stangell, Gladstone, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals the sentence imposed by the trial court following a finding that he had violated his probation. We affirm.

In September, 1985, defendant was convicted of driving under the influence of intoxicants and sentenced:

> "It will be the order of the court, then, that the license shall be suspended for 36 months. This is the second conviction for driving under the influence. There will be 180 days in jail, 165 suspended, 15 days actual service, credit for time served. Probation 24 months * * *."

Several conditions were placed on the probation.

In September, 1986, defendant was found to have violated conditions of his probation. He was sentenced:

> "It will be the court's order, therefore, that the finding of willful violation of the court's order has been occasioned by Mr. Kreitzer at the residential center, and that the probation will be modified and you will be committed to jail for a period of 165 days. Probation will be continued."

Defendant argues that, under ORS 137.540 and ORS 137.550, he could be ordered to serve the full 165 days only if his probation was revoked. The state argues.that, because the initial sentence followed the procedures of ORS 137.540 and imposed only one-half of the maximum sentence as a condition of probation, defendant's probation could be modified to require him to serve the remaining 165 days of the 180 day sentence and still remain on probation.

On a conviction of driving under the influence of intoxicants, defendant could have been punished by a maximum of one year in jail. ORS 161.615, *former* ORS 487.540.[1] The trial court also had the authority to suspend imposition or execution of sentence and to place defendant on probation for up to five years. ORS 137.540(1). As a condition of probation, the court could also order, under ORS 137.540(2)(a), that defendant:

> "Be confined to the county jail * * * such confinement * * * to be for a period not to exceed one year or one-half of the

---

[1] *Former* ORS 487.540 is now ORS 813.010.

maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is lesser. * * *"

Further, the court could, at any time, modify the conditions of the probation, ORS 137.540(6), and the period of the probation could be continued or extended. ORS 137.550(1)(a).

Here defendant was placed on probation. As a condition of his probation, he was sentenced to 180 days in jail, slightly less than one-half of the statutory maximum, with 165 days suspended. When he violated his probation, the trial court had the authority to modify those conditions. It did so by requiring him to serve the suspended portion of the jail time. It could do that without revoking his probation. ORS 137.540(6). Had the court chosen to revoke his probation, it could have ordered him to serve one year in jail, less the 15 days already served. ORS 137.550(2).[2] We find no error.

Affirmed.

---

[2] ORS 137.550(2) provides:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 shall be given credit for all time thus served in any order or judgment of confinement resulting from revocation of probation. In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally have been sentenced. Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed."